NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 31, 2012
Decided June 25, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2849

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:10-cr-00633-1 |
| MIGUEL SANCHEZ, | |
| *Defendant-Appellant.* | Matthew F. Kennelly, |
| | *Judge.* |

## O R D E R

The defendant-appellant, Miguel Sanchez, pleaded guilty to one count of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846.  Sanchez was sentenced to the mandatory minimum of 120 months in prison

and now challenges the district court's denial of a safety valve departure pursuant to 18 U.S.C. § 3553(f), later adopted by U.S.S.G. § 5C1.2(a)(5).

We review the district court's denial for clear error. *United States v. Nunez*, 627 F.3d 274, 279 (7th Cir. 2010).

The "safety valve" refers to a court's ability to impose shorter sentences on first-time, non-violent, less-culpable, and fully cooperative defendants, despite any mandatory minimum sentence. U.S.S.G. § 5C1.2. Eligibility for the safety valve departure requires defendants to prove by a preponderance of the evidence that they have satisfied the necessary requirements listed in § 5C1.2(a)(1)-(5). *United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). If a court finds that the defendant has satisfied all five requirements, a two-level reduction is applied to the defendant's Sentencing Guideline range. U.S.S.G. §§ 2D1.1(b)(16); 5C1.2.

It is undisputed that Sanchez satisfied the first four requirements listed under § 5C1.2(a). But the district court found that Sanchez failed to prove satisfaction of the fifth requirement. Section 5C1.2(a)(5) states:

> (a) [I]n the case of an offense under 21 U.S.C. . . . § 846, . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, *if* . . . :
> . . . .
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

> U.S.S.G. § 5C1.2(a)(5) (emphasis added).

This safety valve statute was created to remedy sentencing inequities and aid law enforcement by rewarding cooperative defendants who might otherwise receive overly-harsh sentences. *United States v. Arrington*, 73 F.3d 144, 147-148 (7th Cir. 1996). For these reasons, the defendant's timely candor to the Government and the court is strictly required.

As this Court has previously established, the district court's choice of whom to believe is almost never vulnerable to a finding of clear error, and furthermore, because the court's determination of safety valve eligibility is fact-specific, it is therefore heavily reliant on credibility determinations that cannot be made at the appellate level. *Montes*, at 631, 637 & n.5

(citing *United States v. Alvarado*, 326 F.3d 857, 862 (7th Cir. 2003); *United States v. Rodriguez*, 69 F.3d 136, 144 (7th Cir. 1995)). The Government gave Sanchez ample opportunity to cooperate and fully disclose all known information, yet the record is rife with Sanchez's inconsistencies regarding his personal whereabouts at specific times, the identities and roles of various individuals involved, and the manner in which the offense took place. At sentencing, the district court indicated it found the defendant to be lacking credibility from the plea agreement stage through the defendant's safety valve interview and proffer. Accordingly, we are not persuaded that the district court clearly erred in denying a safety valve departure to Sanchez.

The ruling of the district court is AFFIRMED.